JAMES R. BARRY, Respondent, v. FEENEY & SHEEHAN BUILD-ING COMPANY, Appellant.

Third Department, December 29, 1919.

Replevin — action against government contractor — equipment rented to contractor and taken over by government.

In an action of replevin it appeared that the defendant, who had a contract with the United States government on the cost-plus plan for the construction of a building, hired the plaintiff as a foreman on a concrete mixer and steam shovel; that the plaintiff furnished certain equipment which he leased to the defendant for use on the job; that the defendant was to receive a fixed rental for such equipment as it owned on the job and whenever the rentals equaled the fixed value the property passed to the government as owner; that the plaintiff had knowledge of said arrangement, and that he fixed a price upon his equipment about the time it was placed upon the job and later asked for and received increased prices from a representative of the government.

Held, that the defendant did not at any time wrongfully withhold from the plaintiff his property, but that the government took said property and claimed title and refused to permit it to be removed.

The fact that the defendant was at work for the government at the time did not make him responsible for the acts of the government.

The defendant had no power to deliver possession of the property and the facts which took it out of his power to remove it were well within the contemplation of the plaintiff and the defendant when the property was put upon the job.

WOODWARD and H. T. KELLOGG, JJ., dissent.

APPEAL by the defendant, Feeney & Sheehan Building Company, from a judgment of the Supreme Court in favor of

the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 15th day of April, 1919, and also from an order entered in said clerk's office on the 24th day of April, 1919, denying defendant's motion for a new trial made upon the minutes.

*Rosendale, Hessberg, Dugan & Haines* [*P. C. Dugan* of counsel], for the appellant.

*Jarvis P. O'Brien* [*John T. Norton* of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

The defendant had a contract with the United States government, on the cost-plus plan, for the construction of a quartermaster's interior storage depot, at South Schenectady, by which the government was to pay it certain of its expenditures in performing the contract and, for its services and other matters, a fee upon the cost of the work. The plaintiff was hired by the defendant as a foreman on the concrete mixer and steam shovel, and furnished for use upon the contract certain equipment and, by the judgment under review, has recovered in replevin against the defendant the said equipment, or the value thereof if it cannot be returned. Concededly the defendant was to receive a fixed rental for such equipment as it owned on the job and, whenever the rentals equaled the fixed value, it passed to the government as owner. It was generally understood upon the job that all equipment used upon it went to the government when the rentals equaled the value fixed. We need not consider each item of the plaintiff's property, but will treat it as a whole. Concededly the plaintiff leased his property of the defendant for use on this job. The plaintiff, however, contends that he did not know that the property was to become the property of the government when the rentals equaled the fixed value. The evidence established that he had such knowledge. Plaintiff fixed the price upon his equipment about the time it was placed upon the job, and the rentals were paid regularly until in August payments were stopped on some of it on the ground that the rentals equaled the value, and the letters " U. S. A."

were painted upon the equipment by the government, it claiming to be the owner. About that time the plaintiff saw Captain O'Toole, the representative of the government, and at the beginning of the interview the plaintiff claimed that the government had no right to take over his property. Captain O'Toole asserted the government ownership and refused to release the property. The plaintiff then complained that his property had been undervalued and asked that the price be increased, and it was increased on various articles. He assented to the increase and said he was satisfied with it, and thereafter received the rentals until the aggregate rentals equaled the price so fixed. There is no doubt upon the whole record but Captain O'Toole is telling the truth with reference to this understanding with the plaintiff, and by accepting the increased sums agreed to be paid the plaintiff had no further claim or interest in the property.

Concededly the plaintiff furnished the equipment to be used upon the contract with the government. The defendant did not at any time wrongfully withhold from him his property. The government took it over and claimed title and refused to permit it to be removed. The fact that the defendant was at work for the government on the job at the time did not make it responsible for the acts of the government. The defendant had no power to deliver possession of the property, and the facts which took it out of its power to remove it were well within the contemplation of the plaintiff and the defendant when the property was put upon the job.

We may assume that if the defendant took the plaintiff's property as lessee, under an agreement which contemplated its return to the plaintiff, and furnished it under this contract, so that, as between the defendant and the government, it became the property of the government, and the plaintiff had no knowledge of the fact, he would be entitled to some relief against the defendant. But, as we have seen, the plaintiff had full knowledge of the facts when the equipment was put on the job, and after he knew that the government had taken over the property he assented to it for an increased consideration paid to him.

Another feature of the case is not easy to understand. A careful perusal of the contract between the defendant and

the government makes it quite probable that the government had not the right to take over leased equipment. The defendant was not the cause of the act of the government in taking over the equipment, as both the defendant and the plaintiff understood all the while that the government had the right to take over the plaintiff's equipment as well as the defendant's. For the purposes of this case it is quite immaterial whether the government had or had not the right to take over the equipment. The parties all assumed it had such right, and the defendant, with knowledge of all the facts, for an added consideration, agreed that the equipment should belong to the government and thereafter had no claim against either party for it.

The judgment and order should, therefore, be reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event.

All concur, except WOODWARD and H. T. KELLOGG, JJ., dissenting.

Judgment and order reversed on the law and the facts, and new trial granted, with costs to the appellant to abide the event. The court disapproves of the finding of fact that the defendant wrongfully withheld and detained the plaintiff's property.